JOHN H. MILLS, ADM'R, *v.* UNION CENTRAL LIFE INSURANCE COMPANY.

AGENCY.   *Contract for services.*   *Termination by death.*

   Under a contract for services between an insurance company and its general agent for a term of years, providing that the compensation of such agent should be certain commissions upon the premiums which should be paid in cash to and received by the company on all policies effected with it by or through the procurement of the agent, during the continuance of the contract, the company is under no liability to account to his legal representative for commissions on premiums paid on such policies after the agent's death within the period of service.

FROM the chancery court, first district, of Hinds county. HON. H. C. CONN, Chancellor.

Mills, administrator, the appellant, was the complainant in the court below; the insurance company was defendant there. The clause of the contract in question, so far as relates to the compensation of appellant's intestate, is in the following words:

"7. The compensation for said services is to be a commission upon the premiums, which shall be paid in cash to and received by the said company on all policies of insurance effected with the said company by or through the procurement of the said agent, which commission shall be as follows:

TABLE OF RATES OF COMMISSIONS.

| KIND OF POLICIES. | PER CENT. ON FIRST YEAR'S PREMIUM. | PER CENT. ON THE SUBSEQUENT YEARS' PREMIUMS DURING THE CONTINUANCE OF THIS CONTRACT. |
|---|---|---|
| All regular life and life rate endowment policies | 50 per cent. | 7½ per cent. |
| For collecting premiums on business done by other agents | 1 per cent. | 1 per cent. |

"Commissions shall accrue only as the premiums are paid to the said company in cash." The opinion states the case.

*McWillie & Thompson,* for the appellant.

The compensation of the agent in this case was a commission, not upon all such premiums as might be collected and paid over by Tegarden, appellant's intestate, but on all which might be paid to or received by the company on premiums paid in cash to or received by it on all policies of insurance effected with the company by or through his procurement.

As to such policies there was no authority in the company to appropriate the whole premium. If Tegarden collected the premium, he had the right to deduct his commission; if it was paid direct to the company in his lifetime, as frequently happened, he was still entitled to his commission; and if it was

paid to the company after his death, his legal representative was to be entitled to it, as the compensation provided by express contract for a service rendered prior to his decease.

In the court below it was urged in support of the demurrer that the contract of agency was terminated by Tegarden's death, for the reason that he had not acquired with the power an estate or interest in the thing which was the subject of the agency. Without admitting that there was an absence of interest in Tegarden, we can safely admit that his agency was terminated by his death. We are not contending that the dead man is still agent, but that his legal representative is entitled to recover compensation for services rendered in his lifetime according to the terms of the express contract between him and the company.

We have been unable to see any difference between this case and the numerous cases in which persons have been allowed to recover for work done under a contract only partially performed, or those other cases fully recognizing the right of the legal representative of such persons to recover on the same account, unless it may be said that as to the premiums on each policy secured by Tegarden, the contract was wholly performed.

If A, who wishes to turn his waste land into an orchard, enters into a contract with B to the effect that he will give to the latter one-half of all the fruit that he, A, may receive from such trees as B may plant on the premises within one year from the date of agreement, the contract will be in all essentials exactly like the one under review; and after B has broken up the land, dug the holes and planted many trees, A will be unable to dispute B's right to one-half of their fruit as long as the trees continue to bear.

The termination of the agency, under authority of which B entered upon the premises and did the work mentioned, could not possibly affect his right to one-half of the fruit yielded by the trees he planted. He would have to stop planting at the end of the year specified in the contract, but that is another

matter, and would relate only to the fruit of trees he might desire to plant after that time. If death overtook him within the year, he would simply lose his half of the fruit of such trees as he might have planted but for that event; and while his legal representative could not go on planting trees, his share in the fruit of those already planted would remain unaffected.

The rule is that where the contract between the agent and his principal contains an express provision as to the compensation of the former, it is conclusive. Mechem on Agency, secs. 598, 603, and cases cited; 1 Am. & Eng. Enc. L., p. 1095. And the agent is entitled to recover for services already rendered, although the contract, by reason of his illness or insanity, be only partially performed, as is also his legal representative in case of death. *Ib.,* secs. 629, 630, and cases cited; 1 Am. & Eng. Enc. L. (2d ed.), pp. 1107, 1108.

In a case where one Heermans entered into a contract with certain government contractors to go to California and take charge for them of the construction of a floating dry-dock at Mare Island, for which he was to receive a salary and one-third of the profits, it was held that although the contract was an entire one, and he died while it was only partially performed, his administrator, Clark, was entitled to receive one-third of the profits less the damage, if any, sustained by the contractors in consequence of his failure to fully perform. *Clark* v. *Gilbert,* 84 Am. Dec., 189, s.c. 26 N. Y., 279, and cases cited.

The question of recovery in case of partial performance has also been quite fully discussed in a suit where the plaintiff was prevented by sickness from fully performing the contract, and a solution reached in favor of his right to recover on a *quantum meruit* for such services as had been rendered prior to his disability, although the contract was an entire one. *Wolf* v. *Howes,* 75 Am. Dec.; 388, and cases cited.

In another case an agency contract for the sale of harvesting machines provided that the agents should obtain orders, house the materials, instruct the purchasers, draw notes and remit the

same; that they should receive a specified selling commission to be paid only on machines sold and settled for, and not on orders not filled; and that the principal might at any time terminate the contract, and take into possession all orders, notes, moneys, machines, etc. After the agents took orders for machines, but before they were filled, the principal canceled the contract, and afterwards delivered machines to persons from whom such orders were obtained. On suit by the agents it was held that they were entitled to reasonable compensation for such orders, though not to the full commission specified in the agreement. *Merriman* v. *McCormick Harvesting Machine Co.* (Wis.), 71 N. W. Rep., 1050, s.c. 96 Wis., 600.

The same rule pervades this last case also. While the principal could terminate the contract of agency at will, he could not withhold rights that had vested in the agents by reason of their labors under the contract. The insurance company does not, and cannot, pretend that Tegarden's successor as general agent gets these commissions on premiums on policies placed by the activity and personal influence of Tegarden in his lifetime. On the contrary, it claims that Tegarden's vested interest was divested in its favor by the misfortune of death, notwithstanding the absence of any such provision in the contract, which was one of a kind always construed most favorably for the subordinate. It claims, in effect, that his death worked a forfeiture in its favor, but since the contract does not provide for such forfeiture, we hardly think that one will be implied. Indeed forfeitures never arise by implication, and the greed of the insurance company finds no support in law.

It will be observed that the recovery for services rendered on a contract not wholly performed has been in many cases awarded on a *quantum meruit,* by reason of the fact that the contract was an entire one, and there was not under its terms any fixed measure of the damages, if any, that had been occasioned by the failure to fully perform, and which should be deducted from the compensation recoverable for the full performance.

While the contract in this case was to run for twenty years, unless sooner terminated, it clearly contemplates that it might be at any time terminated by Tegarden by resignation, and by the company on notice for good cause, and was not of the kind ordinarily regarded as entire contracts—as, one for the building of a house or the digging of a well. As to the procurement of policies, the contract was performed from time to time as each, with its resultant profit, was procured, and in respect to each, all that remained to be done by Tegarden, if indeed the particular language of the contract in respect to compensation does not show that even that was immaterial, was to collect the premiums. In respect to this, the contract is not uncertain, since it shows in plain terms that his allowance for collection of premiums was one per centum, and this of course should be deducted from his commissions on premiums not collected by him. This feature of the contract fixes the exact measure by which the compensation under the terms of the contract should be lessened, and there is no occasion for an inquiry *quantum meruit,* since the complainant could stand on the contract, the terms of which are express, and therefore conclusive.

We do not see how the words at top of column showing rate of commission on all premiums after the one first paid can have the effect of limiting the right of Tegarden, or his legal representative, in respect to those commissions. As will be seen by reference to his contract, his right to a commission on all premiums resulting from policies procured by him, was provided for in the clearest and most definite terms, and all that remained to be provided for was the rate, which is shown by the "Table of Rates of Commission" appended to that clause of the contract. The premiums on which commissions were to accrue are clearly indicated by what precedes the table of rates, and the table, as its caption shows, was designed to regulate merely the amount of the compensation Tegarden was to receive out of such premiums. The one shows out of what he was to have a com-

mission; the other, how much the commission should be. It is not necessary to cite authority for the doctrine that a contract must be considered as a whole, and that an expression in one stipulation of a contract, outside of and subordinate to what is obviously the chief purpose of such stipulation, will not prevail over another express stipulation with which it may conflict. In the case before us, however, the words at top of column of rates on all premiums following the first, "Per centum on the subsequent years' premiums during the continuance of this contract," do not necessarily conflict with the clause preceding the table of rates. The contract continues in force as long as the rights it provides for continue to exist.

*Calhoon & Green,* for appellee.

There is nothing in the contract stipulating for its performance by the executor or administrator.

The consideration of the contract was the business ability and capacity of Tegarden to extend and manage the insurance business of the company. His personal qualifications were the essentials of the contract with the company. *Harrison* v. *Sale,* 6 Smed. & M., 640; *Chamberlain* v. *Dunlap,* 22 Am. St. Rep., 811, 812; *Cox* v. *Martin,* 75 Miss., 238.

Under the statutes of this state an administrator cannot carry on a business for the intestate. *Farley* v. *Hood,* 45 Miss., 96; *Insurance Co.* v. *Ligon,* 59 Miss., 305; *Evans* v. *Robertson,* 54 Miss., 683.

In the case at bar Tegarden was to employ and pay subagents, bear all the expense of the agency, except printing, postage and expressage, and was to be responsible for the subagents, and was to carry on a general agency business.

Tegarden was, as agent, to give his entire time to the business of soliciting insurance, collecting premiums, and performing such other duties as were required, and for the performance of all of these services for a period of twenty years, unless the company sooner determined the agency, he was to receive the

commissions in part on the taking out of the policy, and in part from the premiums subsequently paid during the existence of the contract, and which Tegarden was to collect. The duty and service for which he was to be paid were continuous, during the entire period, and entire, not separable into specific compensation for each specific act or policy.

The company, because of the death of Tegarden, declined to further execute the agreement, and revoked it by so doing. This action was justified by the inability of Tegarden to comply with the condition of the contract to give his entire time to the business, and perform the trust as to collecting and handling the funds of the company.

The company did not bargain to have its business of this general agency committed to whomsoever of Tegarden's next of kin the chancery court should appoint his administrator. The qualifications of an administrator are not those required of a general manager of a large general agency of a life insurance company.

A contract of agency is determined by the death of the agent, unless the power was coupled with an interest or estate in the thing; and this even though the contract was irrevocable by the principal. Mechem on Agency, secs. 204, 239, 240, 242, 244, 249; *Clayton* v. *Merritt*, 52 Miss., 358; *Cassiday* v. *McEnzie*, 39 Am. Dec., 81-85; *Farmers' Loan & Trust Co.* v. *Wilson*, 36 Am. St., 696-700; 7 Am. & Eng. Enc. L. (new ed.), p. 147.

That the agent is to receive a part of the premiums, as compensation, does not create an interest in the policies of insurance taken by him, and does not create a power coupled with an interest. *Stein* v. *Imperial Life Ins. Co.,* 58 Fed., 843; *Farmers' Loan & Trust Co.* v. *Wilson,* 36 Am. St., supra.

The agreement of Tegarden, in clause $7\frac{1}{2}$ of contract, to pay part of the privilege license to do business in the state; payment of a part of a privilege tax for license to do business does not confer any interest in the policies or in the premiums of the business. If so, the payment of the privilege tax of a firm

would create an estate in the firm's assets. The contract creates only an agency, not a partnership in the insurance policies of the company. But here the contract was not only revoked by the death, but, as shown, by the appellee's exercise of the option under the terms of the contract; and the 7½ per centum was to be paid only during the continuance of the contract.

Where the agency is terminable at the will of the principal, and is revoked, without the fault of the agent, it is the usual rule unless otherwise stipulated, that the agent shall receive compensation for his services rendered before the revocation; but he will not be allowed what he would have received as compensation if he had continued as agent. Mechem on Agency, secs. 626-629; 1 Am. & Eng. Enc. L. (new ed.), title Agency, 1103.

Where the contract provides that no compensation shall be received if the authority is revoked before completion of the services, he cannot recover on a *quantum meruit. Spear* v. *Gardnes,* 16 La. Ann., 383; *Hotchkiss* v. *Greatna,* 36 La. Ann., 517.

In the case at bar the 7½ per centum was to be paid only during the continuance of the contract.

*Clark* v. *Gilbert,* 84 Am. Dec., 189, following *Wolfe* v. *Homes,* 75 Am. Dec., 388, and *Merriman* v. *McCormick Harvesting Machine Co.,* 96 Wis., 600, cited by opposite counsel, were all cases to recover for services rendered up to the time of the death or discharge without cause. None of these cases is authority for the case at bar.

If the contract of agency was revoked, that put an end to the right to receive any further compensation thereunder, for by the express terms of the contract this 7½ per centum was to be paid "during the continuance of the contract." The party is bound by the terms of the contract, notwithstanding he was prevented unavoidably from performing. *Jameson* v. *McDaniel,* 25 Miss., 83; *Spalding* v. *Rosa,* 71 N. Y., 44.

Argued orally by *T. A. McWillie,* for the appellant, and *Marcellus Green,* for the appellee.

WOODS, C. J., delivered the opinion of the court.

The appellant exhibited his bill in the chancery court of Hinds county by which he sought an accounting with the defendant respecting commissions on all premiums collected since the death of his intestate on policies procured for the defendant company by the intestate during his lifetime, and praying for a decree for payment of such commissions. The complainant affirmed his ability and willingness to discharge the duties appertaining to the contract of employment of his intestate with the defendant company. To this bill a demurrer was filed, and the same having been by the chancery court sustained, an appeal was taken to this court.

In the month of February, 1896, appellant's intestate, W. H. Tegarden, and the defendant life insurance company entered into a contract, by the terms of which Tegarden became the general agent of the company in a district embracing about one-half of the state of Mississippi. This contract was to continue for the period of twenty years, unless sooner terminated in one of the modes specified therein. Tegarden died after serving the company as such general agent about a year and a half, and the company settled all demands or claims arising under the contract up to the date of his death, and this suit is for the recovery of commissions on premiums collected by the company since such death.

On the oral argument, the learned counsel for appellant candidly and properly declined to press the view that Tegarden's administrator had any legal right to assume the performance of the duties of the agency imposed upon Tegarden by the terms of the contract, and no further reference need be made by us to that portion of the complaint.

The duties assumed by Tegarden, under the contract, were important and multiplied, and unquestionably Tegarden was

intrusted with the performance of these duties during the long term of twenty years because of his integrity, ability and skill in this branch of professional work. He was required to keep an office in the city of Jackson, and to keep, or have kept, books necessary and proper in such business; he was to canvass for applications for insurance, and to collect and pay over to his principal premiums on insurance effected by his procurement; he was to act exclusively for the company, and to devote his entire time to the business of his agency; he was to appoint subagents to canvass for applications for policies, and for the fidelity and honesty of such subagents he was to be held responsible.

The compensation of Tegarden was to be made by payment of certain agreed commissions on premiums paid on policies procured to be issued by Tegarden's agency. These commissions were liberal, ranging from fifty per centum on the first year's premiums to seven and one-half per centum on subsequent years' premiums during the continuance of the contract.

Was the contract of agency terminated by the death of the agent? By that great event, which comes to all of us only once, the agent was cut off from the dedication of his entire time to the building up and extending the business of his principal, and the valuable services which he had bound himself to perform for his principal for the period of twenty years, became impossible of rendition. The consideration for his compensation was his entire time, and his skill and ability in his chosen profession, in all the stipulated labors to be performed by him during the long period named. His services were to be rendered continuously during the whole period, unless the contract should be sooner ended, and his compensation was for such entire and continuous service, and not for any specific act or separable piece of work.

Death put an end to the agency, and to the contract of agency, and the company having fully paid for the services rendered by the agent up to the date of his death, the claim of his per-

sonal representative for commissions yet to accrue for eighteen years after the death of the intestate is without merit.

*Affirmed.*