370 So.2d 700 (1979)
THOMAS YATES & COMPANY
v.
The AMERICAN LEGION, DEPARTMENT OF MISSISSIPPI, ASSOCIATION GROUP INSURANCE ADMINISTRATORS, National Ben Franklin Life Insurance Company and George P. Delivorias.
No. 50991.
Supreme Court of Mississippi.
May 2, 1979.
Hobbs & Dorsey, Joe W. Hobbs, Jackson, for appellant.
Wells, Wells, Marble & Hurst, Roland D. Marble, Stennett, Wilkinson & Ward, Erwin C. Ward, Upshaw, Schissel, Dorizas & Ladner, Angelo J. Dorizas, Jackson, for appellees.
Before ROBERTSON, WALKER and LEE, JJ.
LEE, Justice, for the Court:
Thomas Yates and Company, a domestic corporation, instituted suit in the Circuit Court of the First Judicial District of Hinds County, Honorable Dan M. Lee, presiding, against the American Legion, a non-profit corporation, Association Group Insurance Administrators, a foreign corporation (AGIA), National Ben Franklin Life Insurance Company, a foreign corporation (NBF), and George P. Delivorias, and *701 sought damages for tortuous interference with a contract. The defendants filed answers and stated affirmative defenses. A separate hearing was held preliminarily on the affirmative defenses, the trial judge sustained said defenses and dismissed the declaration with thirty (30) days' leave to amend. The plaintiff declined to amend, the judgment became final, and Yates has appealed here.
Prior to March 1, 1964, Thomas Yates & Company was a sole proprietorship owned and operated by Thomas Yates, Jr. On March 1, 1964, he contracted with the American Legion to provide group insurance policies for Legion membership and he became the exclusive agent of the American Legion for that purpose. The agreement [Appendix] was to remain in full force and effect unless cancelled by mutual consent or cancelled on any anniversary date with one year's notice in writing prior to such anniversary date. On July 1, 1964, Thomas Yates and Company (Thomas Yates, Jr.) placed in force a master plan covering members of the American Legion.
Thomas Yates, Jr. died November 6, 1965, and the management and control of Thomas Yates & Company became vested in Thomas Yates, III. He organized the corporation, Thomas Yates and Company, September 26, 1966, and that corporation purchased all the assets of Thomas Yates and Company, the sole proprietorship. The corporation continued to provide the same insurance services to the American Legion until July, 1973, that had been performed by the senior Yates, when appellee AGIA negotiated with the American Legion and became its agent of record to procure and place group insurance coverage for the Legion's membership. Appellant charges that AGIA, acting through NBF and George Delivorias, induced the American Legion to breach its contract with appellant in violation of the notice requirement in the contract between Thomas Yates, Jr. and the American Legion, and claims damages as a result.
The appellees affirmatively state that appellant was not a party to the said contract, that the appellant corporation did not have a life insurance agent's license as required by law, and that the contract was unenforceable. Further, appellees contend that the contract between Thomas Yates, Jr. and the American Legion called for personal services from Yates, Jr. and that the contract terminated upon his death. The trial judge sustained the affirmative defenses and dismissed the declaration on the ground that the plaintiff, being a corporation, had no standing to maintain the suit.

I.
Did the trial court err in ruling that appellant had no standing to bring the action?
The appellees contend that the contract between Thomas Yates, Jr. and the American Legion was one for personal services and that it automatically terminated upon the death of Mr. Yates approximately ten (10) months prior to the organization of the appellant corporation. Generally, the death of a party does not terminate a contract unless it is of a personal nature. 17 Am.Jur.2d Contracts § 413 (1964). In order to determine whether a contract is of such nature, consideration must be given to whether or not it can performed by the deceased's personal representative. In Cox v. Martin, 75 Miss. 229, 21 So. 611 (1897), the Court said:
"Recurring now to the main question, it is clear that wherever the continued existence of the particular person contracted with  the contract being executory  is essential to the completion of the contract, by reason of his peculiar skill or taste, death terminates the contract; as, for example, `contracts of authors to write books, of attorneys to render professional services, of physicians to cure particular diseases, of teachers to instruct pupils, and of masters to teach apprentices a trade or calling.' So, also, when the continued existence of a particular thing is essential to the completion of the contract, the destruction of the existence of the thing (its death) terminates, the contract  as, in contracts for the sale of specific chattels, or for the use of a building, *702 they ceasing to exist. 1 Beach on the Modern Law of Contracts, sec. 773, p. 946, note 3, with the authorities cited. `But where the contract with the deceased is executory, and the personal representative can fairly and fully execute it as well as the deceased himself would have done, he may do so and enforce the contract. And, on the other hand, the personal representative is bound to complete such a contract, and if he fails to do so, he may be compelled to pay damages out of the assets in his hands.' Note supra, with authorities, 22 Am.St.Rep., p. 813." 75 Miss. at 238, 21 So. at 612-613.
In Mills v. Union Central Life Ins. Co., 77 Miss. 327, 28 So. 954 (1899), suit was brought by Mills, Administrator of the Estate of W.H. Tegarden, Deceased, for an accounting of commissions on premiums collected by appellee after Tegarden's demise for insurance policies written by him during his lifetime. A demurrer was filed and sustained and the Court, in deciding that death terminated the contract between the deceased and the insurance company, said:
"On the oral argument, the learned counsel for appellant candidly and properly declined to press the view that Tegarden's administrator had any legal right to assume the performance of the duties of the agency imposed upon Tegarden by the terms of the contract, and no further reference need be made by us to that portion of the complaint.
The duties assumed by Tegarden, under the contract, were important and multiplied, and unquestionably Tegarden was intrusted with the performance of these duties during the long term of twenty years because of his integrity, ability and skill in this branch of professional work. He was required to keep an office in the city of Jackson, and to keep, or have kept, books necessary and proper in such business; he was to canvass for applications for insurance, and to collect and pay over to his principal premiums on insurance effected by his procurement; he was to act exclusively for the company, and to devote his entire time to the business of his agency; he was to appoint subagents to canvass for applications for policies, and for the fidelity and honesty of such subagents he was to be held responsible." 77 Miss. at 336-337, 28 So. at 954.
We are of the opinion that there was no privity of contract between appellant and the American Legion and that, although the Yates corporation continued to service the American Legion until 1973, neither the appellant nor the American Legion was bound under the agreement with Yates, Jr. Delta Construction Co. of Jackson v. City of Jackson, 198 So.2d 592 (Miss. 1967). We are further of the opinion that the contract between Yates, Jr. and the American Legion terminated upon the death of Yates, Jr. and that the judgment of the trial court should be affirmed.
Since the case is decided on the above question, it is not necessary to discuss the other point presented.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM and BOWLING, JJ., concur.
SUGG and COFER, JJ., took no part.

APPENDIX
 "March 1, 1964
TO WHOM IT MAY CONCERN:
Gentlemen:
The undersigned organization, in the event it decides to undertake a group insurance plan with any Insurance Company, hereby designates Mr. Thomas Yates, as the Agent or Broker of Record to represent the American Legion Department of Mississippi, and each member hereof, in the procuring and placing of such insurance for its members.
This agreement shall remain in full force and effect unless cancelled by mutual consent, or cancelled on any anniversary date by one year's notice in writing, prior to such anniversary date hereof.
 Very truly yours,
 /s/ FRANK W. CHAMBERS
 Frank W. Chambers
 Department Adjutant"